Hubshman v 1010 Tenants Corp.
2026 NY Slip Op 03267
May 26, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Barbara Hubshman, Plaintiff-Appellant,
v
1010 Tenants Corp., et al., Defendants-Respondents.

Decided and Entered: May 26, 2026
Index No. 157779/24|Appeal No. 6724|Case No. 2025-01399|
Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ.

Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for appellant.
Herrick, Feinstein LLP, New York (Devin W. Ness of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Lyle E. Frank, J.), entered February 7, 2025, which, to the extent appealed from as limited by the briefs, granted that part of defendants' cross-motion under CPLR 3211(a)(1) and (7) to dismiss plaintiff's third, fourth, and sixth causes of action for specific performance, breach of the proprietary lease, and attorneys' fees, respectively, unanimously modified, on the law, to deny defendants' cross-motion as to the fourth and sixth causes of action, to reinstate those claims, and otherwise affirmed, without costs.
This is the latest case in a decades-long dispute between plaintiff and defendants relating to plaintiff's contractual rights in the roof garden and terrace appurtenant to her penthouse apartment located at 1010 Fifth Avenue in Manhattan. Plaintiff has been a shareholder and the proprietary lessee of her apartment since 1979. Plaintiff alleges that under the coop's offering plan, as amended by the second amendment, dated May 11, 1979, and paragraph 7 of the original proprietary lease, which was restated in July 1996 and September 2008, she was granted the "exclusive use" and enjoyment of the roof garden. Paragraph 7 of the original proprietary lease further provided that if the coop "is required, by the terms of this lease, to perform any work on the portion of the roof appurtenant to the penthouse, it shall submit to [plaintiff] its proposed contract for the performance of the same." This provision also expressly granted plaintiff the right to have such work performed by her own contractors, at the coop's expense. In turn, paragraph 6 of the original proprietary lease provided that the "rights and obligations of the Lessor or Lessee under Paragraph 7 of this lease [may not] be changed without the express consent of the Lessee." The original proprietary lease expired on September 30, 2024.
Plaintiff commenced this action alleging that the coop engaged in a scheme to deprive her of her exclusive rights to the roof garden under paragraph 7 of the original proprietary lease. The complaint alleges that defendants held an annual meeting on May 22, 2024, four months before the original proprietary lease was to expire, to ratify a new proprietary lease. The shareholders amended paragraph 6 of the proprietary lease by (i) lowering the threshold to amend the proprietary lease to require a vote of 66 2/3% of the lessor's shares rather than 75%, and (ii) eliminating the words "nor may the rights and obligations of the Lessor or Lessee under Paragraph 7 of this lease be changed without the express consent of the Lessee." The new proprietary lease also eliminated the provision in paragraph 7 of the original proprietary lease requiring the coop to seek approval from plaintiff for any repairs or installations to the roof garden, and which allowed plaintiff to elect to perform the repairs at the coop's expense.
[*2]
Plaintiff seeks a (1) declaration and (2) permanent injunction for defendants' bad faith, (3) specific performance of the parties' 2011 settlement agreement from a prior litigation, (4) breach of the original proprietary lease, (5) CPLR article 78 relief requiring the board to rescind the new propriety lease and preserve plaintiff's rights under the old lease, and (6) attorneys' fees. Plaintiff also moved for a temporary restraining order and preliminary injunction prohibiting defendants from enacting or implementing the new proprietary lease. Defendants cross-moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
The motion court properly granted that branch of defendants' cross-motion to dismiss plaintiff's third cause of action seeking specific performance of the parties' 2011 settlement agreement. Although defendants acknowledged in the settlement agreement's preamble that plaintiff had certain roof rights under paragraph 7 of the original proprietary lease, this cause of action fails because plaintiff does not identify any provision of the settlement agreement that was breached or that she seeks for defendants to specifically perform (see Gross v Kikuchi, 241 AD3d 1153, 1154 [1st Dept 2025] [affirming dismissal of contract claim where "neither the second cause of action nor the preceding allegations in the complaint incorporated by reference identify the provisions of the operating agreement . . . that were breached"]). Moreover, the settlement agreement here relates to the work the parties agreed to perform to resolve the 2011 litigation. Plaintiff does not allege that the work was not performed, rendering specific performance inapt under the circumstances here.
However, we modify the order to deny the cross-motion with respect to the fourth cause of action for breach of the original cause of action for proprietary lease and the related sixth cause of action for attorneys' fees. Plaintiff adequately alleged that defendants breached paragraph 6 of the original proprietary lease, which required defendants to seek her approval to modify her roof rights under paragraph 7, by adopting a new form of proprietary lease eliminating those rights without her consent (see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc., 63 NY2d 396, 403 [1984] ["In construing a contract, one of a court's goals is to avoid an interpretation that would leave contractual clauses meaningless"]). Although the original proprietary lease was set to expire on September 30, 2024, plaintiff sufficiently alleged that she was entitled to invoke paragraph 6 because the vote to curtail her roof rights under paragraph 7 took place on May 22, 2024, while the original proprietary lease remained in effect.
[*3]
That these provisions were also set forth in the offering plan reinforces plaintiff's contention that her roof rights were the basis for her share allocation and proportional share of the maintenance she has paid for more than four decades (see e.g. Barbour v Knecht, 296 AD2d 218, 224 [1st Dept 2002] ["The relationship between the shareholders of a cooperative corporation and the corporation, as well as the extent of the authority of the board of directors, is determined by the certificate of incorporation, the bylaws and proprietary lease, which must be read together"]). By contrast, defendants' reliance on bylaws article V, section 1 for the proposition that the shareholders need not "ratify" the board's adopted form of proprietary lease is unavailing, as that provision does not override the shareholders' rights under paragraph 6 of the proprietary lease to vote on amendments to their extant proprietary leases. It also does not negate plaintiff's specific right in paragraph 6 requiring her consent to modify her roof rights under paragraph 7.
Because the fourth cause of action should have been sustained, so too should the related sixth cause of action for attorneys' fees. Paragraph 28 of the proprietary lease expressly provides that the lessor can recover from a lessee for a default under the lease. Accordingly, plaintiff may be entitled to reciprocal legal fees pursuant to Real Property Law § 234 if she prevails on her breach of contract claim (see e.g. Blutreich v Amalgamated Dwellings, Inc., 28 AD3d 261, 262 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2026